**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRIAN WEBB                                                                                               PLAINTIFF
ADC #141031

V.                                          NO: 5:09CV00215 JLH/HDY

DAVID WHITE *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.
    2.    Why the evidence proffered at the hearing before the District
           Judge (if such a hearing is granted) was not offered at the

      hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on July 29, 2009, alleging that he was subjected to the use of excessive force by Defendants Maurice Culclager, Gaylen Honea, James Marshall, Jimmy Harper, and Darnell Clark, in an incident on May 26, 2009. An evidentiary hearing was held on January 25, 2010. Plaintiff appeared and testified, along with inmate Walter Haynes. All Defendants appeared and testified. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Although Plaintiff is currently held at the EARU, the events giving rise to this lawsuit occurred at the ADC's Tucker Maximum Security Unit. Plaintiff was being held in an isolation cell

when he demanded to see a lieutenant to discuss his medication schedule and/or his perceived wrongful assignment to punitive isolation. When a lieutenant did not arrive quickly enough, Plaintiff had words with another officer and flooded his cell. After a period of time, Culclager, a 15+ year ADC employee serving as a shift lieutenant (he was recently promoted to Captain and serves at another unit) arrived, and ordered Plaintiff to submit to restraints. The procedure for submitting to the restraints involves the inmate backing up to a "trap" in his cell door and offering his hands behind his back to the officer. This is routinely done whenever an inmate is moved from his cell. Plaintiff refused several orders to submit to the handcuffs in this manner, and Culclager told Plaintiff that he was risking being sprayed with pepper spray which Culclager had in his possession. This didn't gain Plaintiff's cooperation. Instead he chose to turn his back to Culclager, kneel down in the back of his cell facing the rear wall and raise his hands. Culclager sent Clark to get a "restraint rifle" in hopes that the threat of additional force might persuade Plaintiff to cooperate. Even after Clark returned with the "restraint rifle," Plaintiff persisted in refusing to obey Culclager's orders. Culclager then ordered Marshall to enter the cell to restrain Plaintiff while Clark pointed the "restraint rifle" at Plaintiff. Marshall was able to put one handcuff on Plaintiff without incident, but Plaintiff then began to struggle, and Honea entered the cell to assist. Thereafter, Harper entered the cell to help put leg restraints on Plaintiff. The entire incident lasted about a minute. After the situation was controlled, Plaintiff was taken to the shower, and then to the infirmary.

## II. Analysis

There is no dispute that some amount of force was used to restrain Plaintiff. To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See*

3

*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The evidence demonstrates that the force that was used was used in a good faith effort to control Plaintiff and remove him from his cell. There is no dispute that Plaintiff flooded his cell for a significant period of time,[1] and that the water was becoming an issue for other inmates, as it spread into their cells. Thus, Plaintiff had to be removed from his cell. However, when Plaintiff was ordered to submit to restraints, he refused, a fact that is not disputed by Plaintiff. Plaintiff's refusal led to Marshall being ordered into his cell to apply the restraints. Plaintiff testified that his chest, head, and right ankle hurt after the incident, but that he had no cuts, bumps, or bruises. Undoubtedly, Plaintiff suffered some soreness after the incident, but neither his testimony, nor the medical report produced after the event, describes any notable injury.[2] Thus, the evidence does not support Plaintiff's claim that he was subjected to unnecessary force.

Plaintiff also made much of alleged ADC policy violations, particularly that the cell extraction team failed to don appropriate protective gear before they entered his cell to perform the cell extraction. However, the mere failure to follow ADC policy is not itself a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Because the evidence introduced at the hearing demonstrates that Plaintiff was not subjected

---

[1] Plaintiff testified that he flooded the cell for as much as 40 minutes prior to Defendants' entry into his cell.

[2] The medical report produced after Plaintiff's evaluation following the incident was introduced as Defendants' exhibit #1.

to excessive force, and that the force used was proportionate to the need, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims of excessive force used on May 26, 2009, and WITHOUT PREJUDICE in all other respects.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   26   day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE